# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD COASTLINE LP,<br><br>                      Plaintiff,<br>  vs.<br>GRACIANO PANGILINAN, GEORGIA PANGILINAN, AND DOES 1-20,<br><br>                      Defendant. | CASE NO. 10cv1190-LAB (WVG)<br><br>**ORDER OF REMAND** |

      On June 2, 2010, this action was removed from the Superior Court of California, County of San Diego. Because no basis for this Court's exercise of jurisdiction was apparent, the Court on June 4 issued an order (the "OSC") requiring Defendants to show cause by June 11 why it should not be remanded. Because the notice of removal was signed only by Graciano Pangilinan, the Court ordered Defendants to file an amended notice of removal with both their signatures, as required by Fed. R. Civ. P. 11. The amended notice was to have been filed at the same time as the response to the OSC.

      The claims set forth in the complaint arise entirely under California state law, and the parties are not diverse. The notice of removal, however, argued that because Defendants intend to file a counterclaim based on federal law, this action is removable. The OSC pointed out this argument has been rejected by the Supreme Court. And although the Court did not rely on this factor, it also noted the action was not timely removed. In short, the Court is aware of no reason why it would have jurisdiction over this action.

On June 11, Defendants moved *ex parte* for an extension of time to respond to the Court's order, supported by Defendants' declaration. The declaration says Defendants did not realize they would have to explain so quickly why the Court has jurisdiction over this action, and they seek additional time to hire counsel who, they hope, could respond to the OSC. They did not file an amended notice of removal.

Only cases over which a U.S. district court would have original jurisdiction are removable, 28 U.S.C. § 1441(a), and the notice of removal must contain "a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). Had Defendants inadvertently failed to mention a jurisdictional basis they knew about, they could simply say so now. However, they can't presently identify any reason why this action was removable, and neither can the Court. It likewise seems unlikely that an attorney they retain would be able to find some jurisdictional basis the Court has overlooked. Rather, waiting for Defendants to find and retain counsel would create needless delay and expense.

Defendants' *ex parte* motion suggests they believe this action must be litigated in federal court or injustice will result. However, the Court is unaware of any reason why the state court cannot adequately adjudicate all claims pertaining to this dispute after remand. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (noting state courts' jurisdiction to adjudicate both federal and state claims).

Defendants' *ex parte* motion for an extension of time is **DENIED** and this action is hereby **REMANDED** to the Superior Court of California, County of San Diego, South County Division.

**IT IS SO ORDERED**.

DATED: June 21, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge